STATE OF HAWAI`I, Respondent-Plaintiff-Appellee,
v.
KESEAN JOHNSON, Petitioner-Defendant-Appellant.
No. 29100.
Supreme Court of Hawaii.
December 11, 2009.
James S. Tabe, Deputy Public Defender, for Petitioner-Defendant-Appellant Kesean Johnson on the application.
Brian R. Vincent, Deputy Prosecuting Attorney, for Respondent-Plaintiff-Appellee State of Hawai`i.

SUMMARY DISPOSITION ORDER
MOON, C.J., NAKAYAMA, and DUFFY, JJ., Circuit Judge CRANDALL in place of RECKTENWALD, J., recused, and ACOBA, J., concurring separately.
Petitioner-Defendant-Appellant Kesean Johnson (Johnson) petitions this court to review the Intermediate Court of Appeals (ICA's) April 15, 2009 judgment on appeal. The ICA's judgment was entered pursuant to the court s March 31, 2009 summary disposition order affirming the District Court of the First Circuit's (trial court's)[1] March 12, 2008 judgment convicting Johnson of the offense of excessive speeding, in violation of Hawai`i Revised Statutes (HRS) § 291C-105(a)(1) and/or (a)(2) (Supp. 2006).[2] In his application for writ of certiorari before this court, Johnson asserts that the ICA gravely erred (1) in concluding that [Respondent-Appellee-Plaintiff, State of Hawai`i (prosecution),] laid the requisite foundation for the admissibility of the laser gun reading pursuant to State v. Stoa, 112 Hawai`i 260, 265, 145 P.3d 803, 808 (App. 2006), and (2) by failing to recognize that the [prosecution] did not lay the requisite foundation for admissibility of the laser gun reading as required by State v. Wallace, 80 Hawai`i 382, 910 P.2d 695 (1996), and State v. Manewa, 115 Hawai`i 343, 167 P.2d 336 (2007).
Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold that: (1) proof that the LTI 2020 laser gun (laser gun) was tested according to manufacturer recommended procedures is required to establish a sufficient foundation for the speed reading given by the same laser gun, which was not adduced in this case;[3] (2) the prosecution did not establish whether Honolulu Police Officer Clarence Clites (Officer Clites) was qualified by training and experience to operate the laser gun because it was not shown whether the nature and extent of Officer Clites training in the operation of the laser gun met the requirements indicated by the manufacturer;[4] and (3) inasmuch as the prosecution did not provide a sufficient foundation for the admission of Officer Clites testimony regarding the speed reading given by the laser gun, and there being no other evidence to indicate the speed that Johnson was traveling at in the afternoon of June 25, 2007, the record in this case is devoid of any evidence of the required speed reading, which is a material element of the offense charged.[5] Consequently, the prosecution has not adduced sufficient evidence to prove every element of the offense charged beyond a reasonable doubt.[6] Therefore,
IT IS HEREBY ORDERED that the circuit court s March 12, 2008 judgment is reversed.
NOTES
[1] The Honorable Paula Devens presided.
[2] HRS § 291C-105 mandates, in pertinent part:

(a) No person shall drive a motor vehicle at a speed exceeding:
(1) The applicable state or county speed limit by thirty miles per hour or more; or
(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.
[3] See State v. Assaye, 112 Hawai`i 204, ___, 216 P.3d 1227, 1233-37 (2009); see also State v. Manewa, 115 Hawai`i 343, 353-56, 167 P.3d 336, 346-49 (2007).
[4] See Assaye, 112 Hawai`i at ___, 216 P.3d at 1237-39; see also State v. Mitchell, 94 Hawai`i 388, 398, 15 P.3d 314, 324 (App. 2000); State v. Ito, 90 Hawai`i 225, 244, 978 P.2d 191, 210 (App. 1999).
[5] See Assaye, 112 Hawai`i at ___, 216 P.3d at 1239; see also HRS § 291C-105(a).
[6] See Assaye, 112 Hawai`i at ___, 216 P.3d at 1239; see also Manewa, 115 Hawai`i at 358, 167 P.3d at 351.